## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF RHODE ISLAND

IN RE:    JUDY M. MILLER,              Case No. 11-12956
          Debtor                        Chapter 7

### JOINT MOTION TO APPROVE LOAN MODIFICATION AGREEMENT

Now come JPMorgan Chase Bank, National Association (the "Mortgagee"), and Judy M. Miller (the "Debtor"), by and through their Counsel, and hereby file this Joint Motion to Approve Loan Modification Agreement.

1. The Debtor commenced this case on July 25, 2011 by the filing of a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code.

2. The parties entered into an Agreement to modify the Note and Mortgage (subject the approval of this Court) on or about August 22, 2012.

3. The Parties have submitted with this Motion a Proposed Loan Modification Agreement (attached hereto as Exhibit A), which affords the Debtor the opportunity to remain in her home and reorganize her obligation to the Mortgagee in a more reasonable fashion. Also attached to this Motion, as Exhibit B, is the Court's Local Form D.

   WHEREFORE, the Parties respectfully request that this Honorable Court approve the Proposed Loan Modification and for such other relief as may be just and proper.

| | |
|---|---|
| **In Re: Judy M. Miller** | **Case No. 11-12956, Chapter 7** |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION | JUDY M. MILLER |
| By Its Attorneys, | By Her Attorney, |
| PARTRIDGE SNOW & HAHN LLP | |
| /s/ Catherine V. Eastwood | /s/ Richard C. Panciera |
| Catherine V. Eastwood (#6406)<br>2364 Post Road, Suite 100<br>Warwick, RI 02886<br>(401)681-1900/FAX(401)681-1910<br>cve@psh.com | Richard C. Panciera (#0408)<br>53 High Street, Suite 26, P.O. Drawer 504<br>Westerly, RI 02891<br>(401596-0311<br>rpanciera@rpa.necoxmail.com |

Dated: October 2, 2012

**Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if served by mail, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of October, 2012, I electronically filed a Motion to Approve with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

    Gary L. Donahue, Esquire, U.S. Trustee
    Lisa A. Geremia, Esquire, Chapter 7 Trustee
    Richard C. Panciera, Esquire, Counsel for Debtor

**In Re: Judy M. Miller**                               **Case No. 11-12956, Chapter 7**

and I hereby certify that a copy of the Motion was served by regular, first class mail, to the following interested parties as set forth below:

Judy M. Miller
P.O. Box 3
Hopkinton, RI 02833

                                                        /s/ Catherine V. Eastwood

                                                        Catherine V. Eastwood (#6406)

1681415_1/1618-2646

**In Re: Judy M. Miller**                     **Case No. 11-12956, Chapter 7**

# EXHIBIT A

In Re: Judy M. Miller                     Case No. 11-12956, Chapter 7

Recording Requested By/Return To:
JPMORGAN CHASE BANK, N.A.
CHASE RECORDS CENTER
RE: COLLATERAL TRAILING
DOCUMENTS
PO BOX 8000
MONROE, LA 71283

This Instrument Prepared By:
JPMORGAN CHASE BANK, N.A.
2210 ENTERPRISE DRIVE
FLORENCE, SC 29501-1109

——————————— [Space Above This Line For Recording Data] ———————————

## LOAN MODIFICATION AGREEMENT

Loan Number

Borrower ("I")[1]: JUDY M MILLER INDIVIDUALLY
Lender ("Lender"): JPMORGAN CHASE BANK, N.A.
Date of First Lien Security Instrument (the "Mortgage") and Note (the "Note"): JULY 17, 2007
Loan Number:          (the "Loan")
Property Address: 543 MAIN ST, HOPKINTON, RHODE ISLAND 82833   (the "Property")
LEGAL DESCRIPTION:
BEGINNING AT A WOODEN STAKE LOCATED ON THE NORTHERLY SIDE OF TURNPIKE ROAD, SAID POINT BEING THE WESTERN CORNER OF THE TRACT HEREIN CONVEYED, AND SAID POINT ALSO BEING A POINT ON THE EASTERN LINE OF PROPERTY NOW OR FORMERLY OF JOHN AND OLIVE HILL, THENCE RUNNING A DISTANCE OF 449.17 FEET, MORE OR LESS, AT A MAGNETIC BEARING OF N 61-13-43 W WITH SAID HILLS LANDS TO AN OLD STONE BOUND SET IN THE GROUND, SAID BOUND BEING THE NORTHERLY BOUND OF THE TRACT HEREIN DESCRIBED AND ALSO BEING THE NORTHERLY BOUND OF THE TRACT COMMONLY KNOWN AS PARCEL NUMBER FOUR OF THE OLD MELLEN PROPERTY, SAID PARCEL BEING DESCRIBED IN DEED BOOK NUMBER 35, STARTING AT PAGE 562 OF SAID TOWN OF HOPKINTON, SAID DEED BEING DATED AUGUST 17, 1926; THENCE TURNING AN ANGLE AND RUNNING A DISTANCE OF 436.60 FEET AT A MAGNETIC BEARING OF S 34-28-15 E TO AN IRON PIPE AND STONES SET IN THE GROUND AND CONTINUING ALONG THE SAME

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate

WF101 LOAN MODIFICATION AGREEMENT - CHAMP    ver. 08_21_2012_12_10_09        Page 1 of 7 pages



Loan Number

LINE AT THE SAME BEARING TO A POINT ON THE NORTHERLY SIDE OF SAID TURNPIKE ROAD ON A CURVE OF RADIUS 2166.23 FEET, AS SHOWN ON SHEET NUMBER TWENTY ON SAID STATE HIGHWAY PLAT NO. 58; THENCE TURNING AN ANGLE AND RUNNING WESTERLY ALONG SAID CARVE ON THE NORTHERLY SIDE OF TURNPIKE ROAD TO THE WOODEN STAKE AT THE POINT AND PLACE OF BEGINNING. BOUNDED ON THE WEST BY THE ABOVE REFERENCE HILL PROPERTIES, ON THE EAST BY PROPERTY NOW OR FORMERLY OF LILLIAN BROWN, AND ON THE SOUTH BY SAID TURNPIKE ROAD. MEANING AND INTEHDING TO CONVEY A PORTION OF A PARCEL OF LAND TRANSFERRED TO LILLIAN BROWN OF WESTERLY, RHODE ISLAND, FROM LEVI AND FLORENCE TALBOT AS RECORDED IN DEED BOOK NO. 50 AT PAGE 400 OF SAID TOWN OF HOPKINTOH. ALSO MEANING TO CONVEY A PORTION OF PARCEL NUMBER FOUR OF THE OLD MELLEN PROPERTY, PREVIOUSLY REFERENCED, WHICH IS LOCATED ON THE NORTHERLY SIDE OF SAID TURNPIKE ROAD. SAID PROPERTY CONVEYED HEREIN CONTAINS 1.2 ACRES, THE SAME BEING MORE OR LESS. AP NO: 26-31

REFERENCE NUMBERS OF DOCUMENTS MODIFIED:
RECORDED AUGUST 02, 2007 VOLUME 456 PAGE 731

Tax Parcel No: 26-31

If my representations in Section 1 continue to be true in all material respects, then the provisions of Section 2 of this Loan Modification Agreement ("Agreement") will, as set forth in Section 2, amend and supplement (i) the Mortgage on the Property, and (ii) the Note secured by the Mortgage. The Mortgage and Note together, as may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement have the meaning given to them in the Loan Documents.

I have provided confirmation of my financial hardship and documents to permit verification of all of my income to determine whether I qualify for the offer described in this Agreement. This Agreement will not take effect unless and until the Lender signs it.

1. **My Representations.** I represent to the Lender and agree:

    A. I am experiencing a financial hardship, and as a result, am either in default under the Loan Documents or a default is imminent.

    B. The Property is neither in a state of disrepair, nor condemned.

    C. There has been no change in the ownership of the Property since I signed the Loan Documents.

    D. I am not a party to any litigation involving the Loan Documents, except to the extent I may be a defendant in a foreclosure action.

    E. I have provided documentation for all income that I earn.

    F. All documents and information I provide pursuant to this Agreement are true and correct.

WF101 LOAN MODIFICATION AGREEMENT - CHAMP    ver. 0a_21_2012_12_10_09    Page 2 of 7 pages



Loan Number

2. **The Modification.** The Loan Documents are hereby modified as of **OCTOBER 01, 2012** (the "Modification Effective Date"), and all unpaid late charges are waived. The Lender agrees to suspend any foreclosure activities so long as I comply with the terms of the Loan Documents, as modified by this Agreement. The Loan Documents will be modified, and the first modified payment will be due on the date set forth in this Section 2:

   A. The Maturity Date will be: **SEPTEMBER 01, 2052.**

   B. The modified principal balance of my Note will include all amounts and arrearages that will be past due (excluding unpaid late charges) and may include amounts towards taxes, insurance, or other assessments. The new principal balance of my Note is $286,137.46 (the "New Principal Balance").

   C. $85,841.24 of the New Principal Balance shall be deferred (the "Deferred Principal Balance"), and I will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance," and this amount is $200,296.22. The Interest Bearing Principal Balance will re-amortize over 480 months.

   Interest will begin to accrue as of SEPTEMBER 01, 2012. The first New monthly payment on the New Principal Balance will be due on OCTOBER 01, 2012, and monthly on the same date thereafter.

   This Section 2.C does Not apply To the repayment of any Deferred Principal Balance And such a balance will be repaid in accordance With Section 2.D. My payment schedule For the modified Loan Is As follows:

   I promise to pay interest on the Interest Bearing Principal Balance at the rate of 5.800% annually. I promise to make consecutive monthly payments of principal and interest in the amount of $965.82, which is an amount sufficient to amortize the Interest Bearing Principal Balance over a period of 480 months.

   The Deferred Principal Balance of $85,841.24 will be due on the maturity date unless due earlier in accordance with Section 2.D.

   The above terms in this Section 2.C shall supersede any provisions to the contrary in the Loan Documents, including but not limited to provisions for an adjustable or step interest rate.

   D. I agree to pay in full (i) the Deferred Principal Balance, if any; and (ii) any other amounts still owed under the Loan Documents, by the earliest of the date I sell or transfer an interest in the Property, subject to Section 3.E below, the date I pay the entire Interest Bearing Principal Balance, or the Maturity Date.

   E. I will be in default if I do not (i) pay the full amount of a monthly payment on the date it is due, or (ii) comply with the terms of the Loan Documents, as modified by this Agreement. If a default rate of interest is permitted under the current Loan Documents, then in the event of default, the interest that will be due on the Interest Bearing Principal Balance will be the rate

WF101 LOAN MODIFICATION AGREEMENT - CHAMP    ver. 08_21_2012_12_10_09    Page 3 of 7 pages



Loan Number

set forth in Section 2.C, and there will be no interest payable on the Deferred Principal Balance, if any.

F. If I make a partial prepayment of principal, the Lender may apply that partial prepayment first to any remaining Deferred Principal Balance before applying such partial prepayment to other amounts due under this Agreement or the Loan Documents.

3. **Additional Agreements.** I agree to the following:

   A. That this Agreement shall supersede the terms of any modification, forbearance, or workout plan, if any, that I previously entered into with the Lender.

   B. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of the Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, impounds, and all other payments, the amount of which may change periodically over the term of my Loan. This Agreement does not waive future escrow requirements. If the Loan includes collection for tax and insurance premiums, this collection will continue for the life of the Loan.

   C. That the Loan Documents are composed of valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

   D. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

   E. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without the Lender's prior written consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, the Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If the Lender exercises this option, the Lender shall give me notice of acceleration. The notice shall provide a period of not less than thirty (30) days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, the Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

   F. That, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the Loan. In any event, this Agreement may not be assigned to, or assumed by, a buyer of the Property.

WF1Ct LOAN MODIFICATION AGREEMENT - CHAMP    ver. 08_21_2012_12_10_09    Page 4 of 7 pages



Loan Number

G. If any document is lost, misplaced, misstated, or inaccurately reflects the true and correct terms and conditions of the Loan Documents as amended by this Agreement, within ten (10) days after my receipt of the Lender's request, I will execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). If I fail to do so, I will be liable for any and all loss or damage which the Lender reasonably sustains as a result of my failure.

H. All payment amounts specified in this Agreement assume that payments will be made as scheduled.

I. If the Borrower(s) received a discharge in a Chapter 7 bankruptcy subsequent to the execution of the Loan Documents, the Lender agrees that such Borrower(s) will not have personal liability on the debt pursuant to this Agreement.

J. That in agreeing to the changes to the original Loan Documents as reflected in this Agreement, the Lender has relied upon the truth and accuracy of all of the representations made by the Borrower(s), both in this Agreement and in any documentation provided by or on behalf of the Borrower(s) in connection with this Agreement. If the Lender subsequently determines that such representations or documentation were not truthful or accurate, the Lender may, at its option, rescind this Agreement and reinstate the original terms of the Loan Documents as if this Agreement never occurred.

K. I acknowledge and agree that if the Lender executing this Agreement is not the current holder or owner of the Note and Mortgage, that such party is the authorized servicing agent for such holder or owner, or its successor in interest, and has full power and authority to bind itself and such holder and owner to the terms of this modification.

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

(SIGNATURES CONTINUE ON FOLLOWING PAGES)



Loan Number

**TO BE SIGNED BY BORROWER ONLY**

BORROWER SIGNATURE PAGE TO MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. And JUDY M MILLER INDIVIDUALLY, LOAN NUMBER 5304419483 WITH A MODIFICATION EFFECTIVE DATE OF October 01, 2012

In Witness Whereof, the Borrower(s) have executed this agreement.

_____  Date: 9/1/12
Borrower - JUDY M MILLER

State of **RHODE ISLAND**
County of _WASHINGTON_

In _WESTERLY_ in said County on the _1st_ day of _September_, _2012_, before me personally appeared **JUDY M MILLER**, each and all to me known, and known by me to be the party(ies) executing the foregoing instrument, and ~~he/she/they~~ acknowledged said instrument, by _her_ executed to be ~~his/her/their~~ free act and deed.

_____
(Signature of Notary, title)

My Commission Expires: _6-1-13_

RICHARD C. PANCERA
NOTARY PUBLIC

WF101 LOAN MODIFICATION AGREEMENT - CHAMP    ver. 08_21_2012_12_10_09    Page 6 of 7 pages

Loan Number

## TO BE SIGNED BY LENDER ONLY

LENDER SIGNATURE PAGE TO MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. And JUDY M MILLER INDIVIDUALLY, LOAN NUMBER 5304419483 WITH A MODIFICATION EFFECTIVE DATE OF October 01, 2012

In Witness Whereof, the Lender has executed this Agreement.

Lender

**JPMORGAN CHASE BANK, N.A.**

By: _____

Date: _____

State of COLORADO
County of DENVER

The foregoing instrument was acknowledged before me this _____ day of _____,
_____ by _____, Vice President of JPMORGAN CHASE BANK,
N.A., a national banking association.

(SEAL)

_____
(signature of person taking acknowledgment)

_____
(title or rank)

_____
(serial number, if any)

My Commission expires: _____

WF101 LOAN MODIFICATION AGREEMENT - CHAMP     ver. 08_21_2012_12_10_09          Page 7 of 7 pages



In Re: Judy M. Miller							Case No. 11-12956, Chapter 7

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT  Form D to Appendix IX
FOR THE DISTRICT OF RHODE ISLAND

IN RE: JUDY M. MILLER,            Case No. 11-12956
          Debtor                          Chapter 7

## PROPOSED LOAN MODIFICATION AGREEMENT

Now come the Debtor, <u>Judy M. Miller</u> and Creditor, <u>JPMorgan Chase Bank, National</u> Association in the above-referenced matter and propose a loan modification agreement regarding the Debtors' property located at: <u>543 Main Street, Hopkinton, Rhode Island</u>, as follows:

| Current Terms | | Proposed Modified Terms | |
|---|---|---|---|
| Current UPB | $223,305.22 | Modified UPB | $286,137.46 |
| Current Maturity Date | 8/1/2037 | Modified Mortgage Term | Modified Maturity Date: 9/1/2052 |
| Current Interest Rate | 6.875% | Interest Rate | 5.80% |
| Current Payment Due Date | 8/1/09 | Post Modification Due Date | 10/1/2012 |
| Current P & I | $1497.80 | Post Modification P & I | $965.82 |
| Current Payment Amount | $1865.27 | Estimated Initial Modified Payment Amount | $1,368.33 (may adjust periodically) |
| Amount Capitalizing | $62832.24 | Contribution Required | $0.00 |

Signature of Debtor/Attorney                     Signature of Creditor/Attorney

/s/ Ricahrd C. Panciera                  /s/ Catherine V. Eastwood
Richard C. Panciera (#0408)             Catherine V. Eastwood (#6406)
Date: October 2, 2012

1681416_1/1618-2646